# Kinney *v.* South & North Ala. Railroad Co.

*Trover for Conversion of Cross-Ties by Railroad Company.*

1. *Proof of custom; when admissible.*—In an action against a railroad company, for the conversion of cross-ties, which were cut by plaintiff, and placed along the line of defendant's track, evidence of a custom or usage in regard to the delivery, inspection and acceptance (or rejection) of cross-ties placed along the line of the railroad by persons desiring to sell, which custom was known to plaintiff, is admissible for the defendant, as tending to show that the cross-ties were taken under a contract, express or implied.

2. *Contract of sale; when title passes.*—An offer to sell specific chattels, and an acceptance of that offer, are essential to an executed contract of sale; but such offer and acceptance may be shown by the acts and conduct of the parties, although not expressed in words: as where cross-ties are deposited, according to a custom known to the parties, along the line of a railroad, for inspection and acceptance by the company, this amounts to a proposal to sell, and the subsequent appropriation of them by the company is an acceptance of the offer, and passes the title.

3. *When trover lies.*—Trover lies for the conversion of cross-ties, placed by the plaintiff near or along a railroad track, and wrongfully taken by the railroad company without authority; but, if they were taken under a contract, express or implied, by which the title passed, the only remedy is an action for the price.

APPEAL from the Circuit Court of Cullman.
Tried before the Hon. LEROY F. BOX.

W. L. COFER, for the appellant.

GEO. H. PARKER, *contra.*

CLOPTON, J.—Evidence of the custom or usage in respect to the delivery, inspection, and acceptance of cross-

ties, delivered on the line of the railroad by persons desiring to sell, such custom being known to plaintiff, is admissible, from which the intention and understanding of the parties may be inferred, in the absence of a special contract, or, if there be one, to supply a stipulation as to which the contract is silent.—*East Tenn., Va. & Ga. R. R. Co. v. Johnson*, 75 Ala. 596.

The action is brought for the conversion of cross-ties, delivered by plaintiff on the line of the railroad, for inspection, and acceptance or rejection, by the road-master of defendant. There seems to be no dispute, that the defendant took and appropriated the ties. The controverted question is, whether they were wrongfully taken, or were appropriated under a contract of sale, express or implied. If the ties were the property of the plaintiff, and wrongfully taken, the proper action is brought; but, if taken by his permission, or license, under an agreement to sell by which the title passed, then trover can not be maintained.

It is an undisputed fact, that the plaintiff delivered the ties on the line of the road, but whether under a special contract, or without, was disputed. While an offer to sell specific chattels, and an acceptance of the offer, are essential to an executed sale, such offer and acceptance need not be expressed in words; they may be shown by the conduct and acts of the parties. If, in the absence of a special contract, it was the custom or usage to deliver ties on the line of the road, for and subject to inspection and acceptance, such delivery amounted to a proposal to sell; and a subsequent appropriation by the defendant was an acceptance thereof, which completed a bargain and sale, and operated to pass the title. If there were a special contract, a delivery in pursuance of its terms, and a subsequent appropriation, the same results ensue. In either aspect, there was no wrongful taking, appropriation, or disposition of the ties, which is requisite to a conversion. They were taken, either in acceptance of an offer to sell, or by virtue and in performance of a contract. In such case, an action for the price, and not trover for a conversion, is the remedy of the plaintiff. The charges given, when referred and considered in connection with the evidence, assert these propositions.

The rulings of the court on the admissibility of evidence are free from error.

Affirmed.
24