(80 South. 624)

MERCHANTS' BANK & TRUST CO. v. J. A. ELLIOTT & SON. (2 Div. 173.)

(Court of Appeals of Alabama. Nov. 19, 1918. Rehearing Denied Dec. 17, 1918.)

1. TRIAL ⬤⟳339(1)—VERDICT—CORRECTION.

In a trial where there were several defendants and the jury brought in a verdict against the "defendant," if any special defendant was meant, the jury might have corrected the verdict before being discharged.

2. TRIAL ⬤⟳340(3)—VERDICT—CORRECTION—INVASION OF PROVINCE OF JURY.

Where there were several defendants and the verdict was against "defendant," the court could not correct the substance of the verdict by naming therein a defendant shown liable under the evidence.

3. TRIAL ⬤⟳331—VERDICT—CONSTRUCTION—SUPPLEMENTING BY INTENDMENT OR REFERENCE.

A verdict must be perfect in itself or capable of being made perfect by reference to the pleadings, papers in the cause, or entries on the court docket, and cannot be supplemented by intendment or by reference to mere extrinsic facts including those in evidence.

4. TRIAL ⬤⟳343—VERDICT—CONSTRUCTION.

Where there were several defendants, a general verdict against "defendant" must be construed as against all the defendants whose identity could be ascertained by the clerk of the court by reference to the pleadings in the case.

Appeal from Law and Equity Court, Hale County; Charles Waller, Judge.

Action by the Merchants' Bank & Trust Company against J. A. Elliott & Son, a partnership, and others. From an order setting aside a verdict for plaintiff and granting defendants a new trial, the plaintiff appeals. Affirmed.

R. B. Evins, of Greensboro, for appellant. Thomas E. Knight, of Greensboro, for appellee.

BRICKEN, J. The Merchants' Bank & Trust Company, a corporation, plaintiff in this cause, brought its suit against the defendants, J. A. Elliott & Son, a partnership, and J. A. Elliott, as individuals, for damages for the conversion by them of three bales of cotton. The evidence which the plaintiff, appellant here, relied on for recovery, tended to show that in the year 1911, one D. R. Vanhorn made a mortgage to the plaintiff, conveying to it, among other things, his crop of cotton raised or caused to be raised by him on his own land, or on land rented from Dave Mills, or on other lands in Hale county, Ala., during the year 1911.

The evidence tended to show that during the year 1911, the said Vanhorn cultivated certain lands in Hale county in cotton, and that in December, 1911, one of the defendants, E. M. Elliott, purchased from him three bales of cotton.

The evidence shows without contradiction that at the time the said cotton was purchased by the said E. M. Elliott, there had been no such partnership as J. A. Elliott & Son for several years past; and, furthermore, that J. A. Elliott had nothing to do with said three bales of cotton by purchase or otherwise; and that E. M. Elliott received said three bales of cotton from said Vanhorn, and gave him a credit therefor of $131.66.

Each of the defendants was served with process, and each appeared by his attorney and pleaded "not guilty." At the instance of each of the defendants, J. A. Elliott & Son and J. A. Elliott, the court properly gave the jury written charges, instructing them that if they believed the evidence they could not find a verdict against either of the defendants J. A. Elliott & Son or J. A. Elliott.

The plaintiff did not amend his complaint by striking, as he might have done, the names of J. A. Elliott & Son and J. A. Elliott as parties defendant, but let the case go to the jury on the pleadings as they originally stood. The jury returned a verdict in words and figures as follows:

"We the jury find the issue in favor of the plaintiff, and that the defendant pay the plaintiff the sale price of the cotton, $131.66 and damages to amount of $52.66, and interest on the

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

same at 8 per cent. for four years and eleven months, making the total of $183.44."

During the term of court, the defendants each filed a motion to have the verdict set aside and a new trial granted, and assigned as grounds therefor, among other things, the following:

First. For that the verdict of the jury in said cause was and is contrary to the evidence.

Third. For that the verdict of the jury in said cause was and is contrary to the charge of the court in said cause.

Fifth. For that the court charged the jury, if they believed all the evidence in the cause, they could not return a verdict for plaintiff against the defendants J. A. Elliott & Son and J. A. Elliott.

[1-3] The court on hearing the motion and the evidence in support thereof, which fully proved the allegations of the motion, made a judgment and order setting aside the verdict and granting the defendants a new trial. This action of the court is assigned as error. The verdict for plaintiff was against "defendant." If by this the jury meant any special defendant, the jury might have corrected the verdict before being discharged, on having their attention called thereto. Higginbotham v. Clayton, 80 Ala. 194; Allen v. State, 79 Ala. 34. The court itself could not have so changed the verdict, for this would have been an invasion of the province of the jury, the correction affecting the substance of the verdict. In order that the verdict against defendant may be considered a valid verdict under the pleadings in this case, it must be considered a verdict in favor of plaintiff against all of the defendants, and a judgment rendered thereon must be considered a judgment against all of the defendants, or else the verdict and judgment must be considered as void for uncertainty; for nothing would appear in the pleadings to show which of the three defendants was meant. "Every judgment of a court of law must either be perfect in itself or capable of being made perfect by reference to the pleadings, or to the papers on file in the cause, or else to other pertinent entries on the court docket; and in like manner verdicts of juries cannot be supplemented by intendment or by reference to mere extrinsic facts."

[4] We think the proper construction to be put upon this verdict is that it is a verdict against all of the defendants, whose identity could be ascertained by the clerk of the court by reference to the pleadings in the case.

If execution were issued upon judgment rendered upon this verdict, the sheriff would be justified in levying upon property of either of the defendants, and such defendant would be without remedy for the wrong he would thus suffer.

The matters insisted upon by counsel for appellant as showing that the verdict should be construed as a verdict against E. M. Elliott only were mere matters of evidence, which could not appear of record in the trial court, and act as guide to the clerk or sheriff.

The verdict was contrary to the evidence and also to the charge of the court; and the court properly ruled in setting aside the verdict and granting a new trial.

Affirmed.