(82 South. 553)

SIMONETTI v. CARLTON. (6 Div. 526.)

(Court of Appeals of Alabama. May 20, 1919.)

1. NUISANCE ⬤⟾3(4)—STABLES.

While a stable is not per se a nuisance, it becomes a nuisance when maintained in close proximity to a residence in a residential section of a city, and is kept in such condition that it is unsanitary, and odors and stenches arise during a period of 12 months and spread themselves over the adjoining residential property.

2. APPEAL AND ERROR ⬤⟾237(2), 1048(5) — HARMLESS ERROR.

It was harmless to ask a party in a suit, "What did they arrest you for?" where the answer, which was not contradicted, was not in the least injurious, and no motion was made to exclude the same.

3. NUISANCE ⬤⟾54—MEASURE OF DAMAGES—INSTRUCTIONS.

In an action for damages for maintaining a nuisance, the court committed no error in charging, at the request of plaintiff, that "the measure of damages for damages to plaintiff's home and premises from noxious and disagreeable odors emitted from defendant's stable, if any, was the difference in value of the plaintiff's property for a home within the period of limitation with and without such gases and odors."

4. TRIAL ⬤⟾329 — VERDICT — RESPONSIVENESS.

In an action for damages from nuisance, a verdict, "We, the jury, find for the plaintiff, and assess his damages at $225.00 for deterioration of the property," was a response to every issue in the case, finding for the plaintiff on every material issue necessary to a recovery, and, by specifying the damages to which he was entitled, found for the defendant as to other items of damage alleged.

5. APPEAL AND ERROR ⬤⟾1005(3) — FINDINGS ON CONFLICTING EVIDENCE.

Where evidence was in sharp conflict, refusal of trial court to grant a new trial on ground that verdict was contrary to evidence will not be disturbed.

Appeal from Circuit Court, Jefferson County; Charles W. Ferguson, Judge.

Action by J. T. Carlton against D. Simonetti for damages for maintaining nuisance. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 2 of the complaint is as follows:

The plaintiff claims of the defendant $1,000 as damages for that plaintiff is now, and has been for several years preceding the filing of this suit, the owner and occupant of the premises at No. 723 on Charles street in Birmingham, Ala., and said premises are used by the plaintiff as a residence for himself and his family and said property is located in a residence district of the city of Birmingham.

Plaintiff avers that, within the past 12 months next preceding the filing of this suit, the defendant has used and maintained a stable or barn wherein he keeps horses and other animals in close proximity to plaintiff's said residence, and that said stable or barn has been in an unsanitary condition during the period of time aforesaid, by means of which divers, noxious, and offensive odors, vapors, fumes, smells, and stenches, on the several days and times aforesaid, rose, issued, and proceeded from the said barn or stable, and entered into and spread and diffused themselves over and upon, into, through, and about, plaintiff's said residence and premises, and the air over, through, and about the same was thereby greatly filled and impregnated with the said noxious and offensive vapors, fumes, smells, odors, and stenches, and was rendered, on the said several days and times aforesaid, and became and was, and still is, corrupted, offensive, unwholesome, unhealthy, and uncomfortable, and the plaintiff has thereby been and still is greatly annoyed and incommoded in the use, possession, occupation, and enjoyment of said dwelling house and premises. Plaintiff avers that said stable or barn is within less than 30 feet of the windows in said dwelling house on the side next to said stable or barn, which windows are necessary to the proper ventilation of said dwelling house, and that many times plaintiff has been compelled to close said windows in order to keep the fumes arising from said stable or barn from entering plaintiff's house.

Plaintiff avers that by reason and as a proximate consequence of the defendant using and maintaining said stable or barn in a dirty, filthy, and unsanitary condition, plaintiff has been forced to breathe the noxious and offensive odors and stenches arising therefrom, and plaintiff's wife was made sick with fever, thereby causing

plaintiff to lose the services of his said wife for a long time, and to incur great expense for doctor's bills and medicine in and about the treatment of his said wife. And plaintiff further avers that, by reason of and as a proximate consequence of the defendant using and maintaining said stable or barn as aforesaid, plaintiff's said property has greatly decreased in value, and said property been injuriously affected and hindered the plaintiff from selling the same for a fair and reasonable price, and plaintiff has been deprived of the comfort, enjoyment, and use of his said house and home and has suffered very great mental and physical pain and suffering, all to his damage in the sum aforesaid; hence this suit.

Silberman & Hoskins, of Birmingham, for appellant.

Denson & Ivey, of Birmingham, for appellee.

SAMFORD, J. [1] The second count of the complaint as amended, and upon which the cause was tried, states a good cause of action. Adler & Co. v. Pruitt, 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 889; Harris v. Randolph Lumber Co., 175 Ala. 148, 57 South. 453; Kyser v. Hertzler, 188 Ala. 658, 65 South. 967; Romano v. B. R. L. & P. Co., 182 Ala. 335, 62 South. 677, 46 L. R. A. (N. S.) 642, Ann. Cas. 1915D, 776; Code 1907, § 5198. While a stable is not per se a nuisance, a stable in close proximity to a residence, in a residential section of a city, and kept in such condition that it is unsanitary, and from which noxious and offensive vapors, fumes, smells, odors, and stenches arise, issue, and proceed, during a period of 12 months, and enter into and spread and diffuse themselves over the adjoining residential property, is such a nuisance as will sustain an action. St. James Church v. Arrington, 36 Ala. 546, 76 Am. Dec. 332.

[2] Appellant next insists that the court was in error in permitting the plaintiff's attorney to ask defendant on cross-examination, "What did they arrest you for?" Whether this action of the court was error is not of moment. The answer, which was not contradicted, was not in the least injurious to defendant, and evidently the defendant took that view of it, as no motion was made to exclude the answer. B. R. L. & P. Co. v. McLain, 162 Ala. 660, 50 South. 149.

[3] The appellant insists that the court committed error in giving, at the request of plaintiff, the following charge:

"The measure of damages for damages to plaintiff's home and premises from noxious and disagreeable odors emitted from defendant's stable, if any, was the difference in value of the plaintiff's property for a home within the period of limitation with and without such gases and odors."

The giving of this charge is sustained by the following authorities: B'ham Water-Works Co. v. Martini, 2 Ala. App. 652, 56 South. 830; City of Eufaula v. Simmons, 86 Ala. 515, 6 South. 47; Jeff. Fertz. Co. v. Rich, 182 Ala. 633, 62 South. 40. And, under the facts in this case, the court was warranted in limiting the recovery as indicated. But we do not mean to hold that, in a proper case on a complaint for maintaining a nuisance, the recovery would be limited to the difference in the value of the property with and without the nuisance.

[4] The appellant next insists that the verdict does not respond to the issues, is void, and that the verdict in the instant case is in that condition. The verdict is in the following language:

"We, the jury, find for the plaintiff and assess his damages at $225 for deterioration of property."

This was a response to every issue in the case, finding for the plaintiff on every material issue necessary to a recovery, and, by specifying the damages to which he was entitled, found for the defendant as to the others. We fail to find any error in the verdict. Besides, the insistence comes too late. Code 1907, § 4143; Kirkland v. Pilcher, 174 Ala. 170, 57 South. 46; Napier v. Elliott, 177 Ala. 133, 58 South. 435.

[5] The evidence in the case was in sharp conflict. We therefore cannot say that the court was in error in refusing to set aside the verdict and to grant a new trial on the ground that the verdict was contrary to the evidence. We find no error in the record, and the judgment is affirmed.

Affirmed.