145 So. 490

**CITY MORTGAGE & DISCOUNT CO. v. PALATINE INS. CO., LIMITED, OF LONDON, ENGLAND.**

6 Div. 274.

Supreme Court of Alabama.

Jan. 12, 1933.

Rehearing Denied March 2, 1933.

J. C. B. Gwin, of Bessemer, for appellant.

Huey, Welch & Stone, of Bessemer, for appellee.

**ANDERSON, C. J.**

The defendant, appellee here, issued a fire insurance policy to Young McCray upon a certain building for a period of three years beginning the 2d day of May, 1927, and expiring May 2, 1930. The building is alleged to have been destroyed by fire June 7, 1931, more than a year after the expiration of the policy. The policy contained a clause in standard form making the loss payable to this appellee, as mortgagee, as its interest might appear.

The counts to which the demurrers were sustained proceed upon several theories: First, upon a breach of contract for a failure to renew the insurance for a period of three years under an agreement anterior to or contemporaneous with the issuance of the policy; second, for the breach of a contract and for the negligent failure to renew the policy under an agreement between the appellant mortgagee and an agent of the defendant to renew the policy made after the issuance of the policy but before the same expired; and, third, for the breach of a contract, express or implied, arising out of a local custom as to renewals of existing fire insurance policies.

The agreement relied on under the first theory, being anterior to or contemporaneous with the issuance of the policy, was ineffectual, unless incorporated in and made a part of the policy. Section 8371 of the Code of 1923.

The agreement set out under the second theory of the case, being subsequent to the issuance of the policy, was not controlled by said section 8371 of the Code 1923. As to whether or not such a contract could be by parol, or the agent averred had the authority to bind the company, or it was a mere option, are questions we may pretermit as the action of the trial court in sustaining the demurrer to these counts must be affirmed for another reason. These counts set up an express agreement between the plaintiff and an agent of the defendant for a renewal of the existing policy upon the expiration of same for a like period with the understanding that the defendant was to look to the owner, Young McCray, for the payment of the premium, but plaintiff would pay it on demand if said Young McCray refused to do so. There is no averment that McCray, the insured, and owner of the property, was a party to this agreement or was bound thereby, or that the plaintiff had the authority to bind said McCray by such an agreement. A renewal is, in effect, a new contract of insurance, especially when not provided for in the original policy, at least in the sense that it requires the mutual assent of the parties and a new consideration. The agreement to renew must have all the essentials for a valid contract. 26 C. J. 109, § 108. These counts not only fail to aver that McCray was a party to the agreement, but count 5 fails to charge that McCray refused to pay the premium which is averred as a condition precedent for the plaintiff's liability for same.

Whatever may be the rule in some other states, it is settled in Alabama that custom or usage cannot be looked to to prove or establish a contract. The customs, usages, and course of dealings in a business may sometimes be looked to in a similar business to explain or aid in the interpretation or construction of a contract; but never to prove that a contract has been entered into. E. Goddard & Sons v. Garner Bros., 109 Ala. 98, 19 So. 513; Mallory S. S. Co. v. Druhan, 17 Ala. App. 365, 84 So. 874. The trial court did not err in sustaining the demurrers to amended counts 4, 5, and 6 of the complaint.

The quotation in count 5, from the policy, as to the plaintiff's right to pay premiums in case of the failure of the insured to do so upon demand of the defendant, relates to premiums on the existing policy, and did not operate to renew the policy in the absence of a contract to do so, and as to which the insured was a party to said renewal agreement.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.