155 So. 576

## PENNEY v. STATE.
### 8 Div. 559.

Supreme Court of Alabama.
June 7, 1934.

John A. Caddell and Tennis Tidwell, both of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

THOMAS, Justice.

This is an appeal for a review of the effort to reduce the value fixed by the duly constituted authorities against appellant's real properties.

The taxpayer's right of review or retrial of the issues of fact on appeal to the circuit court from assessments for taxation of taxable property is of recent consideration.

The pertinent statutory provisions to be observed and applied are considered in pari materia. There are no requirements of law for the usual formal pleadings other than the observance of the precedent conditions of the statute to a due assessment by the several officials charged with that duty, the hearing before the board of review, the appeal to the circuit court, and the filing therein of the precedent compliances against the party seeking relief and review. Daffin, Tax Assessor, v. Scotch Lumber Co., 226 Ala. 33, 145 So. 452; Union Central Life Insurance Co. v. State ex rel. Whetstone, Tax Assessor, 226 Ala. 420, 147 So. 187.

This trial was in the circuit court on appeal from the board of review fixing the assessment for ad valorem taxes against appellant and his specific real properties, made the subject of this controversy and appeal. The jury found the values for the purpose of taxation as "made by the Board of Review to be just and fair," and upon this verdict a judgment was rendered which recited, among other things, "that the assessment as fixed is just, true and legal, and is 60% of the fair and reasonable and market value of the property involved on the 1st day of Oct. 1931," specifically describing each lot, tract, or parcel and the respective valuations thereof by the board of review, further reciting that "the assessable value of the property involved in this suit, as assessed and shown on the assessment as herein set forth be and is hereby fixed as 60% of its fair and reasonable and market value of the said property involved on the 1st day of October, 1931"; and concluded by taxing the costs against the appellant and the sureties on the appeal bond, for which execution will issue.

The bill of exceptions recited the introduction in evidence of the original book of assessments of that county "for the year 1932, containing the assessments against the property of the defendant, J. E. Penney, and the defendant admitted in open court that the said book was the original book of assessments of said county for said year, and that it contained the assessments of the defendant"; it contained the usual and required recitals— the lists of specific properties, the amounts in acreage, etc., locations and character thereof, the amounts of tax values of each tract or lot for the preceding year's valuation, the taxpayer's estimate of value at 60 per cent., the valuations thereof by the board of review; that there were differences in several amounts between the estimated values of the taxpayer and the valuations of the board of review, and as compared with increased valuation of the preceding year; that the board of review generally reduced the general tracts from the assessment of the preceding year, but in excess of the taxpayer's estimate of value.

The evidence of appellant as a witness in his own behalf, as well as that of his witnesses, tended to show a reduced valuation by about $20,755 less than that fixed and made by the board of review. The evidence for the state tended to support the values fixed by the board; thus was presented a jury question for decision. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

The assignments of error challenge the rendition of the judgment on the verdict entered, and present for review the action of the trial court in oral instructions to the jury to which exceptions were reserved.

The questions and matter presented by the exceptions to oral instructions given the jury

were decided in Gay et al. v. State et al., 228 Ala. 253, 153 So. 767.

The due levy and assessment of taxes is primarily a legislative function, and the acts of the assessing officials and the board of review set up by the Legislature, in taking the assessments, hearing tax cases, and fixing the value of property for purposes of taxation, are equivalent to a court of limited jurisdiction, and constitute a part of the taxing process and agencies of the state provided by the Legislature for that purpose. In the hearing of the matter on appeal to the circuit court, the record of the board of review, the tax commission, or of the tax assessor, is a due appearance on the part of the state in the circuit court; and makes therein a prima facie case against the taxpayer, until there is evidence on his part to show either (1) that the property is exempt, or (2) that it is of less value than that fixed in the assessment, which is to show the correct value of the levy of that ad valorem tax imposed by the law on such property of the taxpayer. Gen. Acts 1923, pp. 182, 183, §§ 57–61; Gay et al. v. State et al., supra.

When the several portions of the oral charge, to which exceptions were taken before the jury had retired, are considered with the whole of the instruction given, no error was committed in instructing the jury.

Questions of fact were presented for the decision of the jury, under the evidence, which we have carefully examined and find no error in the judgment rendered. The taxpayer had made his return of reduction on each separate lot, tract, or parcel of his real property, specifically indicated and sufficiently described, and his reduced value placed thereon. It was so assessed by the tax assessor, as that official was required to do in the discharge of his official duties and by the statute. Gen. Acts 1923, pp. 172–181, §§ 30½–56. Noted on the return were the findings and valuations by the board of review, and the taxable values of each tract, some of which were of the value fixed by the taxpayer, and a large number of such lots, tracts, or parcels were raised by the board of review; and practically each tract was at a reduced tax value than that which obtained for the preceding tax year. This document was in evidence.

The verdict was in the words, "We, the jury, find the values made by Board of Review to be just and fair," and, when this finding is referred to the pleadings and instructions of the court, it is a specific finding of accord and justification in each and every respect, as to each separate parcel of land and the taxable value placed thereon by the board of review, and under the authorities, as we shall see, was sufficient on which to found and enter up the judgment against each of these properties, as was done under the statute. Gen. Acts 1923, pp. 182, 183, §§ 57–61.

It may be said that the subject of the sufficiency of a verdict was stated by Mr. Chief Justice Stone in St. Clair v. Caldwell & Riddle, 72 Ala. 527, 528; was reaffirmed in City of Birmingham v. Hawkins, 196 Ala. 127, 131, 132, 72 So. 25, and Wiggins v. Witherington & Co., 96 Ala. 535, 11 So. 539; that the rule, obtaining, as it has, since the announcement in Sewall v. Glidden, 1 Ala. 52, has not been departed from in this jurisdiction; and that it may not vary from the issues in substantial manner, and will not be aided by intendment or by reference to extrinsic facts. Hearn v. United States Cast Iron Pipe & Foundry Co., 217 Ala. 352, 116 So. 365; Foster v. Prince, 224 Ala. 523, 141 So. 248; Scott v. Parker, 216 Ala. 321, 324, 113 So. 495.

In Alexander v. Wheeler, 69 Ala. 332, 342, it is declared that a general verdict, in favor of the plaintiff in ejectment, for the lands described in the complaint, has always been held sufficient (Tyler on Eject. 580; Chapman v. Holding, 60 Ala. 522); that, where the verdict is special, (1) as being for a part only of the premises, or (2) the finding has no reference to the description given in the pleadings, there must be a specific finding, otherwise it cannot be sustained, being void for uncertainty. The rule or test of sufficiency is: "Every judgment of a court of law must either be perfect in itself, or capable of being made perfect by reference to the pleadings, or to the papers on file in the cause, or else to other pertinent entries on the court docket; and, in like manner, verdicts of juries can not be supplemented by intendment, or by reference to mere extrinsic facts." Alexander v. Wheeler, 69 Ala. 333 (seventeenth headnote); Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Town of Clio v. Lee, 199 Ala. 145, 74 So. 243; Burgin et al. v. Sugg et al., 210 Ala. 142, 144, 97 So. 216; Flack v. Andrews, 86 Ala. 395, 5 So. 452; Merchants' Bank & Trust Co. v. J. A. Elliot & Son, 16 Ala. App. 620, 80 So. 624. Cases where there was a response by the verdict to the issue or issues in the case, under the instructions, and the verdict was referred to the pleadings, are: Simonetti v. Carlton, 17 Ala. App. 105, 82 So. 553; Lassiter v. Thompson, 85 Ala. 223, 6 So. 33; Sanders v. Davis, 153 Ala. 375, 383, 44 So. 979; Doe ex dem. Rowe v. Goetchius, 180 Ala. 381, 61 So. 330; Hopkins v. Duggar,

supra; Southern R. Co. v. Gantt, 210 Ala. 383, 98 So. 192; Alverson et al. v. Floyd, 219 Ala. 68, 121 So. 55. General authorities are to be found in 27 R. C. L. pp. 859, 860, §§ 30–32; Logan v. Cross, 101 Or. 85, 198 P. 1097, 26 A. L. R. 1009. From these and other well-considered authorities, the sufficiency of a verdict, reasonably interpreted as to its language, depends upon it being capable of definiteness when referred to the pleadings and papers in the case, the pertinent entries, and under the interpretation of the law given by the court to the jury.

In Hopkins v. Duggar, 204 Ala. 626, 628, 87 So. 103, 104, Mr. Justice Sayre observed: "The real question is whether the verdict was not hopelessly defective and so afforded no proper basis for the judgment. This point was not raised in the trial court. It is raised now for the first time. In order that the objection should avail it is necessary that the judgment be found to be wholly void. Intendments are indulged in favor of judgments."

Was, then, the verdict rendered void, under the issues of fact submitted by the court and instructions interpreting the law having application thereto, or was it definite and complete when referred to the issues submitted, to support the judgment entered thereon? Reasonably interpreted, as authorized by law, the verdict, under the informal pleading, was sufficient in such a trial of fact, was definite and responsive and on which the circuit court must respond under the statute and "render a judgment ascertaining and fixing the assessable value of the property involved." This was done within the statute (Gen. Acts 1923, pp. 152, 183, §§ 60, 61) and the rules that obtain.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.