224 So.2d 899

**REYNOLDS BROTHERS LUMBER COMPANY, Inc., a Corp.**

v.

**W. S. NEWELL CONSTRUCTION COMPANY et al.**

**1 Div. 530.**

Supreme Court of Alabama.

July 10, 1969.

Chason, Stone & Chason, Bay Minette, for appellant.

**354**

Paul W. Brock, Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellees.

HARWOOD, Justice.

The plaintiff below, Reynolds Brothers Lumber Company, Inc., brought this action against W. S. Newell Construction Co., W. S. Newell, Inc., and Travelers Indemnity Company for payments allegedly due on concrete mix sold by Reynolds Brothers Lumber Company to Burke and Cooper, a subcontractor of the Newells in the construction of a portion of Interstate Highway I-10 in Baldwin County, Alabama. Attorney's fees were also claimed. Travelers was surety on a performance bond executed by the Newells, and the suit was processed under the provisions of Title 50, Section 16, Code of Alabama 1940.

The complaint contained two counts. Count 1 claimed $11,719.21. Of this amount $9,369.21 was for ready mixed concrete furnished the sub-contractor, and the remaining $2,350.00 was claimed as a reasonable attorney's fee.

The second count is in common count form and claims $11,719.21 due by account on 16 September 1966.

Demurrers to each count being overruled, the defendants filed seven pleas, the first and second pleas being the general issue. Demurrers were filed to the remaining pleas and were sustained except as to Plea 3, which was a plea of payment, and Plea 7, which set up that the plaintiff was estopped to claim any amount from the defendants greater than $1,342.00.

Thereupon the plaintiff filed replications which joined issue on the plea of payment, and confessed and avoided the estoppel plea.

Defendants' demurrers to the plaintiff's replications being overruled issue was joined.

No point as to any error in the rulings on any of the pleadings is raised on this appeal.

At the conclusion of the trial the jury returned a verdict in the following terms:

"We the jury find for the defendant, subject to the final payment of $1343.00 to the plaintiff.

Ted McGowin, Foreman."

Judgment for the defendant was entered upon this verdict.

Plaintiff's motion for a new trial being overruled, an appeal was perfected to this court.

Since the plaintiff is the appellant and occupies the same position on this appeal as he did as plaintiff in the proceedings below, the parties will be referred to as plaintiff and defendant.

The evidence below tends to show that on 24 August 1964, Burke and Cooper Construction Company entered into a contract with Newell on a portion of Interstate Highway I–10 in Baldwin County.

A short time before Burke and Cooper had executed the contract with Newell, J. P. Reynolds, President of Reynolds Brothers Lumber Company, presented to Jerry Burke of Burke and Cooper a written bid to supply ready mix concrete for use on the above Interstate construction project.

The prices shown in the bid were $15.40 per cubic yard for Class A concrete mix with additive, and $14.40 per cubic yard for Class B concrete mix.

During the early stages of the work on the project Burke and Cooper ordered most of their concrete mix from suppliers other than Reynolds though one purchase was made from Reynolds during November 1964.

However, in November 1965, after another supplier had moved out of the area, Reynolds began to regularly supply Burke and Cooper with concrete mix used by them on the project.

Seven separate payments totaling some $43,178.16 were made by Burke and Cooper to Reynolds for concrete mix during the period 15 November 1965 through 3 August 1966. The last payment on 3 August 1966 was in the amount of $1,343.00 and Reynolds had not, at the time of the trial, cashed the check representing this payment.

At the trial Mr. Reynolds testified that their price for concrete mix had been raised $3.00 per cubic yard in February 1966, and that on this basis there was a balance due of $9,369.21.

Mr. Reynolds further testified that he had informed Jerry Burke of the price change by a phone call and a letter dated 11 April 1966.

In this regard Mr. Jerry Burke testified that in the phone conversation with Mr. Reynolds he stated to him that Burke and Cooper had not agreed to any change in price for the concrete mix and he had told Mr. Reynolds that he expected Reynolds to continue deliveries according to their past agreement. After this conversation Reynolds continued to deliver concrete mix to Burke and Cooper.

■ Assignment of Error 1 is to the effect that the lower court erred in overruling plaintiff's objection to the following question propounded by the defendants to their witness Jerry Burke:

"Q. If you took the notation of the faces of checks as to the cubic yardage and the period of time they covered, would that cover all the concrete that Mr. Reynolds sold you in 1966?"

The witness answered, "They were."

The checks in question bore notations that they were either for a certain number of cubic yards of concrete, or were for concrete furnished during a certain period of time.

Plaintiff argues that the question called for an answer invasive of the province of the jury. This was also the ground of the objection to the question.

The question merely called for a shorthand rendition of facts ascertainable by calculations from other facts, and in this

light was not objectionable. Sovereign Camp W.O.W. v. Hoomes, 219 Ala. 560, 122 So. 686; Southern States Life Ins. Co. v. Allan, 38 Ala.App. 467, 87 So.2d 439.

Further, there was no dispute as to amount of concrete furnished. The dispute was as to price to be paid therefor. The question in no way was invasive of the province of the jury on this ultimate issue, and in fact related to uncontradicted facts.

Assignment of Error 1 is without merit.

■ Assignments of Error 3 and 4 are properly argued jointly, both relating to the same point. These assignments relate to hypothetical questions propounded by the defendants to two of their witnesses, both experienced in the concrete supply business, as to whether it was an established custom, practice and usage in the ready mix concrete industry, that where a bid is made and concrete furnished over a period of time for a particular project pursuant to such bid, the prices set forth in the bid are to hold firm during the project, or the duration thereof.

The hypothetical questions are quite lengthy, and we see no need to set them out in full. It is plaintiff's contention that its objection to each of the questions was meritorious because of the assumption therein of facts not in evidence, that is, the questions assumed that it was not until 11 April 1966 that Mr. Reynolds mentioned any change in prices of concrete mix.

We note that Mr. Reynolds testified on cross examination that he first mentioned a definite increase in price of concrete mix to Mr. Burke on 11 April 1966. Mr. Burke also testified that the first conversation he had with Mr. Reynolds relative to an increase in the price of concrete mix was on 11 April 1966.

There was therefore evidence supporting the assumption made by the examiner as to 11 April 1966 being the first date on which Mr. Reynolds had mentioned an increase in the price for concrete mix.

As set forth in Sovereign Camp W.O.W. v. Davis, 242 Ala. 235, 5 So.2d 480:

"An hypothetical question is not objectionable because it omits to hypothesize every fact shown by the evidence, for an examiner of an expert witness may lay as a basis for the opinion invited only those facts in evidence which conform to the theory the examiner would establish, though, of course, such question should incorporate sufficient facts in evidence to fairly justify the formation of an expert opinion on a material issue in the case; the frame and substance of hypothetical questions to expert witnesses being a matter largely committed to the discretion of the trial court." (Citations omitted.)

We find no merit in Assignments of Error 3 and 4.

■ Assignment of Error 5 charges error in the denial of plaintiff's motion for a new trial.

Such assignment is a vicarious assignment of error of every adequately stated ground of the motion for a new trial, and any such ground properly brought forth and argued is before us for consideration.

Under Assignment of Error 5, plaintiff has properly grouped and argued grounds 1–7, and 13 of the motion for a new trial. All of the grounds are related and pertain to the same point, i.e., the sufficiency of the verdict to support the judgment for the defendant entered by the court.

■ Judgments and verdicts cannot be supplemented by mere intendment or by reference to extrinsic facts. However, where the language of judgments, or verdicts can be reasonably interpreted by reference to the pleadings and papers in the case, and the instructions of the court, then on such basis intendments are indulged in favor of judgments. The real question is whether the verdict was hopelessly defective thereby affording no proper basis for a judgment. Ex parte Russell, 204 Ala. 626, 87 So. 227; Penney v. State, 229 Ala. 36, 155 So. 576.

It was clearly admitted in the defendants' pleadings filed below that the defendants owed the plaintiff $1343.00 for concrete mix; that a check covering this amount had been forwarded to the plaintiff but had not been cashed.

Evidence by both parties below showed the check had been received by the plaintiff but had not been cashed but was in the hands of the plaintiff at the time of trial.

In Thornton v. Lucas, 29 So. 400 (Miss.), suit was on an open account for $75.45, of which $29.22 was for merchandise sold by the plaintiff to the defendant, and which liability the defendant admitted. The remainder of the claim grew out of a transaction for lumber which the defendant denied. The form of the verdict rendered by the jury was:

"We, the jurors, find for the defendant. Defendant to pay merchandise account; plaintiff to pay costs."

The Mississippi court wrote:

"28 Am. & Enc. Law (1st Ed.) p. 4404, says: 'The form of the verdict seems to be immaterial, so the intention of the jury is sufficiently apparent. Irregularities of expression and technical inaccuracies will alike be disregarded if the verdict, notwithstanding these defects, is intelligible.' It is apparent, we think, what the jury meant. The real contest, and the only contest, made by the evidence, is over the portion of the account relating to the lumber transaction, and as to that the jury found for the defendant. * * *"

█ The only issue made by the pleadings and the evidence concerned the alleged liability of the defendants for the alleged $3.00 increase per cubic yard in the price of concrete sold by the plaintiff to the defendants. There was no dispute as to the quantity of concrete sold, nor that defendants had paid for, or had sent a check for, the concrete mix at the prices in the original bid which defendants contended was to remain firm until the highway project was completed. The jury found this issue in favor of the defendants. The jury knew the check covering the last amount had been received by the plaintiff, and remained in the plaintiff's hands uncashed.

Read with this background, we think the intent of the jury was clear. By their verdict they released the defendants of all liability except the $1343.00, for which amount the plaintiff had the uncashed check of the defendants. We conclude the verdict a sufficient basis to support the judgment entered by the court.

Under Assignment of Error 5, counsel for plaintiff has brought forward Ground 9 of the motion for a new trial. Ground 9 pertains to an exception taken to a portion of the oral instructions of the court to the jury.

The exception made by counsel reads:

"I would like to except to the statement whether the plaintiff was bound by its contract to furnish until the project was completed. I don't think your Honor meant to say there was such a contract, but we want to except to that part of the charge as a charge on the effect of the evidence."

In brief counsel for plaintiff states:

" * * * the court stated that 'the plaintiff was bound by its contract.' We hardly see how there can be any question but that this is a charge on the effect of the evidence, assumes a disputed fact in issue and invokes the province of the jury."

The statement by the court that "the plaintiff was bound by its contract" appears in that portion of the court's instructions relating to the right of a plaintiff in a case of this nature to recover an attorney's fee.

This portion of the court's instructions reads:

"Now in regard to the Attorney's fee, the law provides a reasonable Attorney's fee and that is contingent on the jury being satisfied that the plaintiff had a legal claim in this case. If you are not rea-

sonably satisfied that Reynolds Lumber Company had the right to raise this price, and have a legitimate right to this $9,000.-00 then, of course, the defendant is under no compulsion, and the law would not require that they pay the Reynolds' Attorney. The law provides that where I have been wronged, then the person that wronged me should pay my Attorney rather than I having to pay it and that is one of the cases where the law does provide for an Attorney's fee. But if you are not reasonably satisfied from the evidence that the Plaintiff had a right to raise the price of concrete, and that the Plaintiff was bound by its contract to furnish concrete to Burke & Cooper until Project I-10-1 (18) 54— until that entire Project was completed, then the Defendant would be under no complusion to pay the Attorney's fee for the Plaintiff's Attorney."

■ As read in context it is clear that the portion of the court's instructions excepted to is not a charge upon the effect of the evidence, but was based upon certain facts being established to the satisfaction of the jury.

The contention of the plaintiff under Ground 9 of the motion for a new trial is without merit.

■ Likewise we find no merit in plaintiff's argument under Ground 10 of the motion for a new trial. This ground asserts error in that portion of the court's oral instructions to which an exception was taken, to the effect that:

"Now in regard to attorney's fee, the law provides a reasonable attorney's fee and that is contingent upon the jury being satisfied that the plaintiff had a legal claim in this case."

We find no error in this portion of the instructions in this proceeding. The sole issue was whether the plaintiff had a valid and legal claim for the alleged $3.00 per cubic yard increase in the price of the concrete mix. If such claim was without

foundation, there was no legal claim therefor, and of course no duty on the part of the defendant to pay the same. The jury found this issue in favor of the defendant.

Section 16, Title 50, Code of 1940, provides for payment of attorney's fees to persons having an unpaid claim against contractors, and their sureties, where the contractor performs certain public work for the state, county, or municipal government. The method of processing such claims is set forth in said section. The record fails to disclose such processing in this case, but regardless, it must be deemed implicit in the provision for the allowance of attorney's fees that first there be a valid claim.

Plaintiff next argues that the court erred in denying plaintiff's motion for a new trial in that Ground 1 of the motion asserts error in the action in the court in giving at defendants' request its written Charge 14. Plaintiff contends that this charge is erroneous in that "it states that it is the law in Alabama that custom and usage can prove that a contract has been entered into * * *"

Charge 14 reads:

"I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence in this case that the plaintiff gave a written bid for concrete to Burke and Cooper Construction Company at the price of $14.40 per cubic yard or $15.40 per cubic yard, depending upon the class of concrete and that this bid was not withdrawn prior to the purchase of concrete by Burke and Cooper Construction Company from the plaintiff in accordance with the terms of said bid, and that it was the common practice and usage in the ready mix concrete industry for the prices set forth in any such bid to remain firm while the project was under construction, then the plaintiff was obligated as a matter of law to sell said concrete to Burke and Cooper Construction Company at the prices set forth in said bid."

The charge is based upon the jury being reasonably satisfied of certain facts by the evidence, and then, and only then would the plaintiff be obligated under the contract. It does not state that a contract can be proven by custom and usage.

It is settled by our decisions that custom and usage can not prove that a contract was actually made. City Mortgage and Discount Co. v. Palatine Ins. Co., 226 Ala. 179, 145 So. 490.

However, evidence of custom and usage of a business is admissible to supply a stipulation of the terms of a contract where the contract is silent in that aspect. Such evidence is admissible to show the true meaning and intention of the contract. Kinney v. South & North Alabama R.R. Co., 82 Ala. 368, 3 So. 113; Johnson-Brown Co. v. Dominey Produce Co., 212 Ala. 377, 102 So. 606; Ham Turpentine Co. v. Mizell, 215 Ala. 143, 110 So. 372; Ison Finance Co. v. Glasgow, 266 Ala. 391, 96 So.2d 737.

The court did not err in giving defendants' requested Charge 14.

Finally, plaintiff contends that the court erred in giving at the defendants' request their written Charge 12. Counsel in brief states the charge is defective "because it misleads the jury by stating that 'Burke and Cooper Construction Company accepted the offer,'" and further, "it was up to the jury to determine whether Burke and Cooper had accepted the offer * * * and not for the court to instruct the jury that in fact, such offer had been accepted."

Counsel's argument is faulty in that the charge did not instruct the jury that in fact the offer had been accepted by Burke and Cooper. The fact of acceptance of the offer by Burke and Cooper was hypothesized upon the jury being satisfied of such fact by the evidence.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.