James I. Holman filed an ejectment action against Lewis J. Hill and wife, Judy Hill (hereinafter the Hills) and Jim Walter Homes, Inc., seeking possession of property described in the complaint and for damages for its possession. The Hills and Jim Walter Homes, Inc. denied Holman's right to possession and title in the property and suggested adverse possession for a period of three years prior to the filing of the action under Code of Alabama 1975, § 6-6-286.
Plaintiff died while the action was pending and, upon motion, the Cape Coral Bank, as administrator of the estate of James I. Holman, deceased, was substituted as the party plaintiff.
The case was tried before a jury which returned the following verdict:
 We, the jury, assess the value of the use and occupation of the land in question at $660.00 for the period it has been possessed by the defendant; and further assess the value of the land as of this date at $850.00. And, we further find and assess the value of the improvements made by the defendants on said land at $4,712.50.
The trial court entered judgment according to the jury verdict on August 28, 1978. Defendants then filed a motion for a new *Page 871 
trial, which was denied. Defendants appeal from the judgment.
Appellants' first issue relates to the verdict and judgment rendered in the trial court. The contention is made that the judgment is not final as it does not purport to find for either the plaintiff or defendants. It is to be noted that appellants did not object to the forms of the verdict proposed by the trial court to be given to the jury; nor did appellants object to the verdict returned by the jury; nor did the appellants move the trial court to set aside the judgment. The appellants did not raise this issue in their motion for new trial, and the appellants have not moved this court to dismiss the appeal. The issue of whether the judgment is such a final one as to support an appeal is raised for the first time in this court. The question of whether a decree is final, so as to support an appeal therefrom, is a jurisdictional one and it is the duty of the reviewing court, where it is determined that a decree is not final, to dismiss the appeal on its own motion. Taylor v.Major Finance Co., 289 Ala. 458, 268 So.2d 738, 77 A.L.R.3d 1072
The law in Alabama is well settled that where the language of judgments or verdicts can be reasonably interpreted by reference to the pleadings and papers in the case and the instructions of the court, then on such basis, intendments are indulged in favor of judgments. The real question is whether the verdict was hopelessly defective, thereby affording no proper basis for a judgment. Reynolds Bros. Lumber Co. v. W.S.Newell Construction Co., 284 Ala. 352, 224 So.2d 899 (1969).See Rule 58 (b), ARCP.
We are convinced that the verdict is not so hopelessly defective as to provide no reasonable basis for the judgment.
The trial court read the statute in question, i.e. § 6-6-286, to the jury and explained several times the forms of verdict that the jury could return to the court.
One of the verdict forms explained by the court was that if the jury found that the defendants had been in possession of the property for more than three years, the jury must then assess the value, at the time of trial, of the permanent improvements made by the defendants, and the value of the land and the value of the use and occupation of said land.
The jury found the value of the improvements to be $4,712.50, the value of the use and occupation of the land at $660, and the value of the land to be $850. Although the jury did not specifically find that defendants had been in adverse possession of the land for more than three years, the clear import of their verdict, in view of the pleadings, evidence, and oral instructions to them by the court, was to find defendants in adverse possession.
Accordingly, the verdict is not so defective as to make the judgment void.
Appellants' next contention is that the heirs of James I. Holman were necessary party plaintiffs in the ejectment action. We refer to the case of Wilson v. Kirkland, 172 Ala. 72,55 So. 174 (1911), in which the court said in effect that revivor may be had in the name of the personal representative alone, or in his name jointly with the heir or devisee when the suit proceeds for recovery of possession, and for damages accruing prior and subsequent to the death of plaintiff. See also: Evansv. Welch, 63 Ala. 250 (1879). Consequently, we find no merit in the above contention.
Appellants' last contention is that the jury's assessed value of the improvements is grossly inadequate and unsupported by the evidence. We agree.
Oral testimony of Arlie Newman, an employee of Jim Walter's finance company, indicated that the fair market value of the "shell" house located on the property at the time of the trial was about $13,500. Newman further testified that the value of the house at the time of trial, including the Hills' improvements but excluding the pump, well, and septic tank, would be $16,000 to $17,000. Mrs. Hill testified as to improvements added to the house and improvements placed within the curtilage of the dwelling house and upon the property. *Page 872 
These improvements would amount to approximately $3,000 to $4,000. After considering the above testimony, we find that the jury did not comply with Code of Alabama 1975, § 6-6-286 which reads in part:
 (a) When an action is commenced to recover land or the possession thereof, the defendant may, at any time before the trial, suggest upon the record that he, and those whose possession he has, have, for three years next before the commencement of the action, had adverse possession thereof, which must be construed to mean the same character of possession as will put in operation the statute of limitations. In such case, if the jury finds for the plaintiff, it must also ascertain by its verdict whether such suggestion is true or false. If the jury finds it to be false, it must return a verdict for the damages as in ordinary cases. If the jury finds it to be true, it must assess the value, at the time of trial, of the permanent improvements made by the defendant, or those whose estate he has, and also ascertain by its verdict the value of the lands and of the use and occupation thereof, not including the increased value by reason of such improvements. [Emphasis added.]
In Farmers Ginners Cotton Oil Co. v. Reliance InsuranceCo., Ala., 341 So.2d 147 (1976) the supreme court said:
 The jury is not the sole judge of the sufficiency of the evidence to sustain the verdict. We have the power to review. The jury does not have an absolute right to disregard the testimony of competent witnesses and substitute its own conclusion for undisputed evidence.
 Here the only direct testimony as to the value of the property was that of the insured's expert witnesses. There was no other evidence as to value, and their testimony was uncontradicted.
. . . . .
 In the case before us, the jury disregarded the only evidence of value before it, and brought in a verdict without support from the evidence. If the jury had chosen not to believe the witnesses, the verdict would have been in favor of the insurance companies, or only nominal damages for the insured. The verdict here is neither nominal damages nor damages in light of the evidence. Where a jury verdict cannot be justified on any reasonable hypothesis presented by the evidence, it should be set aside. [Citations omitted.]
It is obvious to this court that the jury in the case subjudice failed to consider the value of the house, which the testimony showed was not less than $16,000, in arriving at its verdict. Consequently, we conclude that the verdict assessing the value of the improvements at $4,712.50 is unsupported by the evidence and must be set aside. For this reason the verdict and judgment is reversed.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.