Betty F. Deal appeals from a divorce judgment entered by the Houston Circuit Court. We dismiss the appeal as being from a nonfinal judgment.
Thomas Deal ("the husband") and Betty F. Deal ("the wife") were married on December 7, 1991. The wife moved out of the marital home in October 2002, and, the next month, the husband filed a complaint for divorce on the ground of incompatibility of temperament. The wife filed an answer and a counterclaim, also asserting the ground of incompatibility of temperament.
Following ore tenus proceedings in June 2003, the trial court entered a judgment on June 18, 2003, divorcing the parties on the ground of incompatibility of temperament. The trial court awarded the husband the marital home and his 1998 Ford truck. The wife was awarded a 1997 Mercury automobile, for which the husband had paid, a $5,000 retirement annuity, and $11,500. The trial court also awarded each party the personal property in his or her possession.
The wife filed a postjudgment motion pursuant to Rule 59(e), Ala. R. Civ. P. In response, the trial court amended the judgment to award the wife a life insurance policy with a value of $5,000 and to award the husband the retirement annuity previously awarded to the wife.
Regarding the $11,500, the judgment stated:
 "[T]he [husband] shall pay to the [wife] the sum of $11,500.00 as a property settlement, or, at his option, he can pay $500.00 a month as periodic alimony for twenty-three (23) months. [The husband] has thirty (30) days to make his option."
(Emphasis added.)
Although neither party has raised the issue of this court's jurisdiction over this appeal, we note that "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case. See Jim Walter Homes, Inc. v. Holman,373 So.2d 869, 871 (Ala.Civ.App. 1979). Because we find that there was no final judgment that would support an appeal, we dismiss the appeal.
 "A final judgment is a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. . . . All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own."
Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623, 625
(Ala. 1976) (emphasis added).
In McGill v. McGill, 888 So.2d 502 (Ala.Civ.App. 2004), this court held that a judgment directing the wife to make two lists of the parties' remaining personal property and directing the husband to choose which list of property he wanted was not a final judgment. The court concluded that "[t]here must be some final disposition of the personal property by the trial court before its judgment is final." McGill, 888 So.2d at 505. Similarly, the husband here has been ordered to make an election between (1) treating the $11,500 as a property *Page 1012 
settlement and paying it in a lump sum, or (2) treating the $11,500 awarded to the wife as periodic alimony and paying it over time. The record does not indicate whether the husband has made an election.
Any decision to award a property settlement must be made by the trial court, as must any decision to award periodic alimony. These two types of awards are distinct legal remedies that serve different purposes and that carry with them different rights, duties, and ramifications. It is within the trial court's discretion to make either type of award. McGill. Until the trial court enters a judgment reflecting an exercise of that discretion, it has not entered a final judgment reviewable by this court on appeal. Accordingly, the wife's appeal is due to be dismissed.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.