CRAWLEY, Judge.
D.B., the father of G.N.B. (a three-year-old boy), appeals from a judgment suspending his visitation rights with the child and ordering him to pay $445 per month in child support.
The father argues that the Houston Juvenile Court had no jurisdiction to enter the judgment because a Florida court had already divorced the parties, awarded custody of the child to him, and ordered the mother (P.B.), to pay child support. The father claims that, pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), the Florida court had continuing jurisdiction over the issues of custody and visitation and that the Alabama action should have been dismissed.
The parties were married in 1992 and had a child in 1998. During their marriage, the parties lived in both Alabama and Florida. The scant record before us does not indicate exactly when, or for how long, they lived in each state. The record does indicate, however, the parties were living in Panama City, Florida, in December 1995, when the mother took the child and went to Dothan, Alabama; both she and the child’s father had relatives in Dothan.
On December 19, 1995, the mother filed a petition in the Houston Juvenile Court, alleging that the child was dependent, see Ala. Code 1975, §§ 12-15-30(a) and 12-15-l(10)(e), and seeking custody of the child. The mother also sought a- protective order, alleging that she had been the victim of spousal abuse. On December 21, 1995, the Houston Juvenile Court issued a protective order and awarded temporary custody of the child to the mother.
On January 16, 1996, the mother filed a divorce complaint in the Houston Circuit Court. The next day, the following letter, written by the father and dated January 5, 1996, was received by Houston Circuit Judge Lawson Little:
“I am in receipt of the protective order dated December 20th, 1995. I [am] in no way answering to the jurisdiction of Alabama for the reasons stated below:
“1. We were married in the state of Florida.
“2. I have resided in Florida for the past 11/2 years.
“3. [The mother] has resided in Florida off and on for 11/2 years.
“4. [The mother] and I have lived together for the past 1 year in Florida.
“5. Any prior court action in Dothan, Alabama, has been dismissed. Document[ary] proof is available.
[[Image here]]
“I am filing for a divorce and custody in the state of Florida. Once I have the custody orders I will file a copy with the circuit court of Houston County and ask that this court honor the orders issued from Florida and enforce this order and assist me in recovering my son.”
The father’s letter also stated that the mother-had lost custody of her two children from a prior marriage because of alcoholism; that she had been confined in Florida and Alabama for alcoholism treatment; that she had a history of writing bad checks; that she had been evicted on four occasions; that she had physically abused him and had threatened to take his life; and that an arrest warrant against the mother on charges of child abuse and neglect was pending in Florida.
One week later, on January 24, the father filed a divorce action in Bay County, Florida, attaching to his complaint an affidavit that stated, in pertinent part, the following:
“I do not know of ... any other court decision, order, or proceeding (including divorce, separate maintenance, child neglect, dependency, or guardianship) concerning the custody or visitation of the child in this state or any other state except:
“ ‘There were proceedings in Alabama in 1994 which have been terminated. The exact nature of the proceedings is being determined.’
“Temporary action by this court is necessary to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent. [The father) is being denied access to the child. [The moth *858 er] has been arraigned on child abuse charges.”
On April 1, 1996, the Houston Juvenile Court dismissed the dependency petition in which the mother had sought custody of the child. The juvenile court judge made the following notation on the case action summary sheet: “Issue of custody being resolved in circuit court and petition failing to allege immediate danger, petition dismissed.”
On June 28, 1996, the Houston Circuit Court dismissed the mother’s Alabama divorce action on the ground that “the Florida judge [had] previously taken jurisdiction of the case.”
On July 15, 1996, the mother filed in the Houston Juvenile Court a “Petition for Custody Determination.” In that petition, she alleged that the child was a resident of Houston County; that a divorce action between the parents of the minor child was pending in Bay County, Florida; that the child had significant ties to Houston County, Alabama, including the fact that his mother, both sets of grandparents, a paternal half-brother, a maternal half-sister, 10 cousins, and 2 nieces resided there; that the child's only connection with the State of Florida was the fact that his father lived there; that the father had been arrested in Alabama for six offenses arising out of acts of domestic violence; that the child had witnessed numerous instances of spousal abuse by his father upon his mother; and that it was in the child’s best interest for the Alabama court to determine the matter of his custody. The mother amended her petition on July 25 to allege that the child “[had] suffered severe emotional abuse in the past and [had] witnessed numerous occasions of physical abuse by his father on [his mother],” and that if the father were to obtain custody of the child, the child would be subjected to further emotional and physical abuse.
On August 26, 1996, the father filed a motion to dismiss the mother’s petition for custody, arguing that under the UCCJA an Alabama court had no jurisdiction to decide the issue of custody because (1) a divorce action was pending in Florida, (2) the child’s home state was Florida, (3) the mother had removed the child from his home state to Alabama, and (4) it was in the child’s best interest that the State of Florida assume jurisdiction because there was available in Florida substantial evidence concerning the child’s welfare.
On August 27, 1996, the father was arrested and held without bond in Houston County for violation of the protective order issued by the Houston Juvenile Court on December 21, 1995. A bond hearing was set for October 16,1996.
On September 10, 1996, the Houston juvenile judge denied the father’s motion to dismiss the mother’s petition for custody, noting on the case action summary sheet: “Motion to dismiss for lack of jurisdiction denied as child is subject to custody dispute with warrants between parents.”
On September 11, the father moved the Houston Juvenile Court to grant him visitation with the child pending a hearing on the mother’s custody petition. On September 12, the paternal grandparents, who live in Houston County, moved to intervene and to have the court grant them visitation with the child. On September 13, 1996, the juvenile court entered an order allowing the paternal grandparents to intervene, granting their request for visitation, and also granting the father’s request for visitation on the condition that the visitation occur in the home of the paternal grandparents. The juvenile court ordered the father and the paternal grandparents not to take the child out of Alabama.
On October 4, 1996, the father executed and served on the mother’s counsel an amended UCCJA affidavit that he, apparently, intended to file in his Florida divorce action. The record before us does not indicate whether the amended affidavit was, in fact, filed with the Florida court. In that affidavit, the father stated that proceedings regarding custody and divorce had been or were pending in Alabama and that a staff member from his Alabama counsel’s office would produce court records of the Alabama proceedings and testify regarding those proceedings. The father also stated: “There is presently in Alabama an order of house arrest for ... violation of a restraining order *859 (which petitioner believed and believes had been dismissed). This is set for hearing October 16,1996.”
On October 7, 1996, the Circuit Court of Bay County, Florida, issued a final judgment divorcing the parties, awarding custody of the child to the father, granting the mother visitation rights, and ordering the mother to pay child support. The final judgment states, in pertinent part:
“[T]he Court finds it has jurisdiction of the cause and of the parties hereto as both parents and the child had lived in Bay County for six (6) months prior to the filing of the [father’s divorce action],
[[Image here]]
“... It is specifically found that the wife left the State of Florida with the child shortly before [the] petition was filed and refused to allow the father any contact with the child. The mother did not provide the father with the child’s address or any reports on his well-being. The wife has appeared before this Court and has violated orders of this Court compelling her attendance.”
(Emphasis added.)
On October 8, 1996, the father again moved to dismiss the Houston Juvenile Court petition on the ground that the Alabama court had no authority to determine custody because the Florida court had exercised its jurisdiction in the matter of child custody,- as evidenced by its October 7 divorce judgment.
On October 10, 1996, the mother filed a motion in opposition to the father’s motion to dismiss the petition. She alleged that before her marriage to the father, she had been a lifelong resident of Alabama; that the father had repeatedly abused her; that she had lived with the father in Bay County, Florida, from August to December 1995, but, fearing for her own safety and the safety of her child, she had returned to Alabama in December 1995; that she had sought from the Houston Juvenile Court a protective order and custody of her child; that the Houston Juvenile Court had issued a protective order and had granted her temporary custody of the child on December 21, 1995; that when the father had filed for divorce in Florida, he
had known of the temporary custody order issued by the Houston Juvenile Court, but that he had deliberately and willfully lied under oath to the Florida court by averring that he was not aware of any other proceeding concerning the custody of the child. The mother further alleged that she had objected, in the Florida proceeding, to the Florida court’s assumption of jurisdiction and that the Florida court had exercised its jurisdiction as a consequence of the father’s commission of fraud on the Florida court. The mother requested that the Houston Juvenile Court set aside its September 18,1996, order granting the father visitation with the child and order the father to pay child support.
On October 10, the juvenile court granted the relief requested by the mother. Four days later, the father filed an objection to the juvenile court’s order suspending visitation, alleging, among other things, the following:
“The mother of the minor child intentionally and deliberately faded to appear in court in Florida for the divorce proceedings of the parties, after filing a response to the pleadings for same.
[[Image here]]
“The investigator for [the father’s] Alabama attorney appeared in the Florida court for the divorce proceedings with certified copies of the ‘public’ files in Houston County along with the information that was available for the juvenile proceedings due to the confidentiality of said proceedings. At no time has the Florida court been deprived of the information, pleadings or proceedings that the mother has filed or instigated in Alabama.
[[Image here]]
“[The] Houston County Circuit Court has already ruled that jurisdiction lies in Florida. Florida has accepted jurisdiction, and the petition was filed after the Houston County Circuit Court ruling, and Florida’s accepting jurisdiction.”
The juvenile court did not amend its order denying the father visitation and ordering him to pay child support; the father appealed to this court. He contends that the juvenile court erred by failing to grant his motion to dismiss the mother’s custody petition, because, he says, the custody provisions of the *860 final judgment of divorce entered by the Bay County, Florida, circuit court are entitled to be recognized and enforced. We agree.
The outcome of an interstate child custody dispute is determined by applying the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A (Supp.1984), and the UCCJA. See P.A.T. v. D.B., 638 So.2d 905, 910 (Ala.Civ.App.1994).
“In areas of conflict between the two statutes on matters of jurisdiction, the PKPA prevails. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). Alabama courts are required by the PKPA to extend full faith and credit to a sister state’s child custody determination which was rendered consistently with the federal act. Mitchell v. Mitchell, 437 So.2d 122 (Ala.Civ.App.1982). If, however, the [sister state’s] order did not comply with the PKPA, enforcement of that order is not mandatory. Mitchell, supra. Every state is required to enforce ‘any child custody determination made consistently with the provisions of [28 U.S.C. § 1738A] by a court of another State.’ 28 U.S.C. § 1738A(a). That section further provides that a child custody determination is consistent with the provisions of [§ 1738A] only if ‘such court has jurisdiction under the law of such State.’ 28 U.S.C. § 1738A(c)(l).”
P.A.T. v. D.B., 638 So.2d at 910-11. Both Alabama and Florida have adopted the UC-CJA, so the law applicable to determine which of the two states may exercise jurisdiction to decide the custody of the child in this case derives from the UCCJA. See McGou-ryk v. McGouryk, 672 So.2d 1300 (Ala.Civ. App.1995). Pursuant to the UCCJA, an Alabama court must recognize and enforce a valid custody judgment of another state. In re Colburn, 497 So.2d 182 (Ala.Civ.App.1986). Only if the foreign court did not have jurisdiction under its own law to decide the issue of custody is its judgment not entitled to full faith and credit. See P.A.T. v. D.B., 638 So.2d at 911.
In order to decide whether the Houston Juvenile Court should have given full faith and credit to the custody provisions of the Florida divorce judgment, we must deter-
mine whether Florida had jurisdiction to decide the issue of custody.
“Alabama courts may inquire into the jurisdictional basis of a foreign court’s judgment sought to be enforced in this state, but having determined that jurisdiction was not lacking, the court is required to give full faith and credit to the foreign judgment. Wilson v. Lee, 406 So.2d 416 (Ala.Civ.App.1981).”
Trillo v. Trillo, 506 So.2d 1019,1020 (Ala.Civ. App.1987).
Florida’s version of the UCCJA is found at Fla.Stat.Ann. §§ 61.1302 — 61.1348 (1985). For purposes of this case, the relevant sections of the Florida UCCJA are identical to the Alabama sections. Compare, e.g., Fla.Stat.Ann. § 61.1308 with Ala.Code 1975, § 30-3-23. Section 30-3-23, Ala.Code 1975, provides:
“(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
“(1) This state:
“a. Is the home state of the child at the time of commencement of the proceeding; or
“b. Had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
“(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
“a. The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
“b. There is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
“(3) The child is physically present in this state and:
*861 “a. The child has been abandoned; or
“b. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
“(4) a. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child; and
“b. It is in the best interest of the child that a court of this state assume jurisdiction.
“(b) Except under subdivisions (3) and (4) of subsection (a), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to mate a child custody determination.
“(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.”
In McBride v. McBride, 688 So.2d 856 (Ala.Civ.App.1997), this court stated:
“Under the UCCJA, there are four bases for exercising jurisdiction: (1) ‘home state’ jurisdiction; (2) ‘best interest’ jurisdiction; (3) ‘emergency’ jurisdiction; and (4) a catchall provision allowing a court to exercise jurisdiction if no other state would have ‘home state,’ ‘best interest,’ or ‘emergency’ jurisdiction, or if another state with jurisdiction had declined to exercise its jurisdiction. See generally In re Marriage of Schmidt, 436 N.W.2d 99, 81 A.L.R.4th 1085, 1094-95 (Minn.1989).”
688 So.2d at 859. In this ease, the Florida court had “home state” jurisdiction because (1) Florida had been the child’s home state within six months of the father’s filing for divorce, (2) the child was absent from Florida because of his removal or retention by the mother,[1] and (3) the father continued to live in Florida at the time of the divorce. Ala. Code 1975, § 30-3-23(a)(1)b.
Arguably, the Florida court could also have determined that it had jurisdiction based on the “catchall” provision of § 30-3-23(a)(4), because Alabama had declined to exercise its jurisdiction[2] and it was in the best interest of the child for Florida to assume jurisdiction. “ ‘The [UCCJA] encourages continuing jurisdiction by a court which entered an original custody judgment unless that court presently is without jurisdiction under Section 3 [of the act] or has declined to assume jurisdiction.’ Pitts v. Sutter, 408 So.2d 105, 110 (Ala.Civ.App.1981).” McBride v. McBride, 688 So.2d at 859-60.
In the Houston Juvenile Court, the mother argued, in effect, that the father’s deceptive averments in the January 24 affidavit he filed with the Florida court served to divest the Florida court of the right to exercise its jurisdiction. We disagree.
Florida law requires every party to a proceeding that may involve the custody of a child to execute a “UCCJA affidavit.” Fla. StatAnn. § 61.132 (Supp.1997). Compare *862 Ala.Code 1975, § 30-3-29. The affidavit must state any information the party has concerning litigation in any other jurisdiction dealing with the child’s custody. Section 61.132 provides, in pertinent part, the following:
“(1) Every party in a custody proceeding, in his or her first pleading or in an affidavit attached to that pleading, shall give information under oath as to the child’s present address, the places where the child has lived within the last 5 years, and the names and present addresses of the persons with whom the child has lived during that period. In this pleading or affidavit every party shall further declare under oath whether:
“(a) The party has participated as a party or witness or in any other capacity in any other litigation concerning the custody of the same child in this or any other state;
“(b) The party has information of any custody proceeding concerning the child pending in a court of this or any other state; and
[[Image here]]
“(3) Each party has a continuing duty to inform the court of any custody proceeding concerning the child in this or any other state of which he or she obtained information during this proceeding.”
The mother’s December 19, 1995, dependency petition qualified as a “custody proceeding” under the UCCJA. See Ala.Code 1975, § 30-3-22(3). See also L.L. v. St. Clair County Dep’t of Human Resources, 659 So.2d 618 (Ala.Civ.App.1994); P.A.T. v. D.B., 638 So.2d at 910. The UCCJA applies to the temporary custody order issued by the Houston Juvenile Court on December 21, 1995. See McBride v. McBride, 688 So.2d at 859; Annot. 81 A.L.R.4th 1101 (1990).
On January 24,1996, when the father filed his complaint for divorce in Florida, he knew about both the temporary custody order issued by the Houston Juvenile Court on December 21, 1995, and the mother’s complaint for divorce filed on January 16, 1996. Furthermore, 19 days before he filed for divorce in Florida, the father had informed Houston Circuit Judge Lawson Little of his unwillingness to submit to the jurisdiction of an Alabama court. Nevertheless, when the father filed his divorce action in Florida he averred in a UCCJA affidavit that he had no information about any pending custody proceeding in an Alabama court.
We agree with the mother that the father’s January 24 affidavit was false and misleading, and that it would — in the absence of other developments — have deprived the Florida court of jurisdiction to decide the child custody issue. See Prager v. Mitchell, 651 So.2d 809 (Fla.Dist.Ct.App.1995); Walt v. Walt, 574 So.2d 205 (Fla.Dist.Ct.App.1991). However, the father apparently cured the deficiency in his January 24 affidavit by executing an amended affidavit on October 4. When it entered the final judgment of divorce on October 7, the Florida court had all the relevant jurisdictional facts before it[3] and specifically determined that it had jurisdiction. We conclude that the Florida court did have jurisdiction and that its judgment is entitled to full faith and credit by the Houston Juvenile Court.
Proof of the bare allegations of the father’s unfitness to have custody, found in the mother’s “Petition for Custody Determination,” previously set forth, would have been relevant to the Florida court’s determination of custody and visitation. Although the mother appeared in that court and was ordered to attend the trial, she chose not to attend and present facts to prove her allegations. Her failure to attend and testify creates an inference that her testimony would not have aided her position. Brock v. Brock, 281 Ala. 525, 205 So.2d 903 (1967). The mother did not file a brief in this appeal.
We hold that the father’s first, false affidavit did not divest the Florida court of jurisdiction to decide the issue of child custody because that affidavit was apparently later amended and the Florida court, at the time it entered the divorce judgment, had all the relevant jurisdictional facts before it. We *863 note, however, that because of the father’s initial lack of forthrightness, the communication between courts envisioned by the UC-CJA did not occur here. See Ala.Code 1975, § 30-3-27. The commentary to § 9 of the UCCJA, providing for information to be submitted to the court under oath, states:
“It is important for the court to receive the information listed and other pertinent facts as early as possible for purposes of determining its jurisdiction, the joinder of additional parties, and the identification of courts in other states which are to be contacted under various provisions of the Act.”
9 U.L.A. 115, 266 (1988).
“It is well established that more than one state may have concurrent jurisdiction, in the sense of power to act, in child custody disputes; it is the purpose of the UC-CJA to establish requirements and procedures to prevent interstate competition and conflicts regarding jurisdiction of such disputes by limiting the exercise of such jurisdiction to the one court found to be the most appropriate under the standards codified in ... [Fla.Stat.Ann.] section 61.1308(1). Thus, where two states may be able to exercise jurisdiction of a dispute, the UCCJA permits only one to exercise jurisdiction and requires the other to relinquish its jurisdiction.” .
Walt v. Walt, 574 So.2d at 216 (emphasis in original).
Because the Circuit Court of Bay County, Florida, had jurisdiction to render a judgment in this case, its child custody determination was made consistently with the provisions of the PKPA. Its judgment was, therefore, entitled to be given full faith and credit by the Houston Juvenile Court. Accordingly, we reverse the order of the Houston Juvenile Court denying the father’s motion to dismiss the mother’s custody petition and render a judgment dismissing that petition.
REVERSED AND JUDGMENT RENDERED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.

. The Florida court could have concluded that, although Alabama and Florida had concurrent jurisdiction in this case, Alabama should have declined to exercise its jurisdiction based on the Florida equivalent of Ala.Code 1975, § 30-3-28(a) ("If the petitioner for an initial decree has wrongfully taken the child from another state, ... the court may decline to exercise jurisdiction if this is just and proper under the circumstances”). See generally Annot. 16 A.L.R. 5th 650 (1993). In P.A.T. v. D.B., this court stated:
“We are compelled to note that one major purpose of the UCCJA is to prevent abductions or removal of children from a court’s jurisdiction in order to obtain a more favorable custody determination in another jurisdiction. Ala. Code 1975, § 30-3 — 21(a)(5); Bloodgood v. Whigham, 408 So.2d 122 (Ala.Civ.App.1981).... We will not allow contestants to thwart the purposes of the UCCJA by removing the children to another jurisdiction and making an allegation of abuse to create jurisdiction in another court on the ground of an 'emergency.’ "
638 So.2d at 909-10. See also Lee v. Layton, 51 Ala.App. 298, 285 So.2d 108, cert. denied, 291 Ala. 787, 285 So.2d 113 (1973).

. On April 1, 1996, the Houston Juvenile Court deferred to the jurisdiction of the Houston Circuit Court. On June 28, 1996, the Houston Circuit Court deferred to the jurisdiction of the Circuit Court for Bay County, Florida.

. The father alleges that a representative from his lawyer's office appeared in the Florida proceedings and that the Florida court was provided by that representative with documentary information concerning the Alabama proceedings.