Bryan S. Punturo ("the father") petitioned this Court for certiorari review of the decision of the Court of Civil Appeals dismissing his appeal. Holding that the father appealed a nonfinal judgment, the Court of Civil Appeals dismissed his appeal. Punturo v. Young, [Ms. 2990281, June 2, 2000] ___ So.2d ___ (Ala.Civ.App. 2000). We granted the father's petition to determine whether the orders of the trial court are void for lack of subject-matter jurisdiction. "[T]he question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus." Exparte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000) (citations omitted). Therefore, we treat the father's petition as a petition for a writ of mandamus to the Court of Civil Appeals. See Southern Energy HomesRetail Corp. v. McCool, [Ms. 1991764, September 7, 2001] ___ So.2d ___ (Ala. 2001); Ex parte Messer, 797 So.2d 1079 (Ala. 2001); MorrisonRestaurants, Inc. v. Homestead Village of Fairhope, Ltd., 710 So.2d 905
(Ala. 1998); Henderson v. Superior Ins. Co., 628 So.2d 365 (Ala. 1993);Ex parte Fowler, 564 So.2d 962 (Ala. 1990); Batey Sanders, Inc. v.Dodd, 755 So.2d 581, 582 (Ala.Civ.App. 1999); In re D.M., 738 So.2d 898
(Ala.Civ.App. 1999); Ex parte Gamble, 709 So.2d 67 (Ala.Civ.App. 1998);Fowler v. Merkle, 564 So.2d 960 (Ala.Civ.App. 1989); Ex parte CleburneCounty Bd. of Educ., 545 So.2d 802 (Ala.Civ.App. 1989). We do notice a lack of subject-matter jurisdiction, and therefore we do issue the writ of mandamus.
In 1992, when the father and his then wife Wanda Punturo Young ("the mother") separated, they were both residents of Michigan. After they separated, the mother and the parties' children moved from Michigan to Alabama. The father and the mother were divorced on June 2, 1993 by the Circuit Court of the County of Grand Traverse, Michigan. The court awarded the parties joint custody of the two children, but awarded the mother primary physical custody of the children. The court awarded the father reasonable visitation. The Michigan court expressly "retain[ed] jurisdiction over the parties of this action until the minor children reach the age of 18 years, or graduate from high school, whichever shall later occur."
In January 1999, in the Circuit Court of the County of Grand Traverse, Michigan, the father requested "a review of the parenting time, which review was undertaken by th[e] Court's Friend of the Court Office." On January 19, 1999, the mother petitioned the Tuscaloosa County, Alabama, Circuit Court to modify the Michigan divorce judgment by, among other things, increasing the father's child support obligation and ordering the father to contribute to the children's future college expenses.
On February 2, 1999, the "Friend of the Court" in the Circuit Court of the County of Grand Traverse "conducted a conference concerning the review o[f] parenting time." Neither the father nor the mother appeared at the conference, but the mother responded in writing.
In an order issued on February 16, 1999, the Tuscaloosa County Circuit Court held that Alabama was the home state of the children and that, therefore, the Tuscaloosa County Circuit Court had the power to modify the Michigan divorce judgment. On February 22, 1999, the Michigan judge sent the Alabama judge a letter stating that the Michigan judge had refused to dismiss the Michigan action "`based on our long-standing jurisdiction and our parenting time review being in progress when the motion was filed in your court.'" On February 25, 1999, the father, a resident of Michigan, specially appeared by a motion to dismiss the mother's petition to modify. The father challenged the subject-matter jurisdiction of the Tuscaloosa County Circuit Court and the exercise of personal jurisdiction over him by the Tuscaloosa County Circuit Court. The father informed the Alabama judge that a proceeding regarding the children was pending in the Michigan court and that the Michigan court had continuing jurisdiction over the parties and the issues before the Tuscaloosa County Circuit Court. The mother asked the Alabama judge to ask the Michigan judge to stay the pending Michigan action and to allow the Tuscaloosa County Circuit Court to exercise jurisdiction over the parties and the matters in the mother's petition. On February 25, 1999, the Michigan judge responded in an order stating that Michigan had continuing jurisdiction over the parties and the children, and that Alabama was not a more convenient forum.
Also on February 25, 1999, in the Tuscaloosa County Circuit Court, the father moved to dismiss the Alabama action on the ground that the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A, foreclosed subject-matter jurisdiction over the mother's action in the Alabama courts. On March 25, 1999, holding that it had jurisdiction under the Uniform Child Custody Jurisdiction Act ("UCCJA"), § 30-3-20 et seq., Ala. Code 1975,[1] the Tuscaloosa County Circuit Court denied the father's motion to dismiss and stated, "This Court will again discuss the jurisdictional issue with the Michigan Court." On April 6, 1999, the father filed a motion for special and limited appearance asking the Tuscaloosa County Circuit Court "for Re-Hearing or Re-Consideration" of the March 25, 1999 order. The mother moved the Tuscaloosa County Circuit Court for a determination of the time periods for the father's upcoming summer visitation.
After a hearing, the Tuscaloosa County Circuit Court entered an order denying the father's motion to "reconsider" and specifying the dates for the father's summer visitation with the children. The father appealed that order. Upon the mother's motion, the Court of Civil Appeals dismissed the father's appeal on the ground that he had appealed a nonfinal order.
On September 22, 1999, the mother moved the Alabama judge to clarify the father's visitation with the children during the Christmas holidays. The Tuscaloosa County Circuit Court entered an order modifying the visitation provision of the Michigan divorce judgment. The father appealed. The Court of Civil Appeals held that, because the Alabama judge did not address the issues of child support and post-minority educational support, the March 25, 1999 order was not final and not appealable. The Court of Civil Appeals therefore dismissed the father's appeal. Punturo,supra.
"`A writ of mandamus is an extraordinary remedy that requires a showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.'" Ex parte Bruner, 749 So.2d 437, 439
(Ala. 1999) (quoting Ex parte McNaughton, 728 So.2d 592, 594 (Ala. 1998)).
The father contends that the decision of the Court of Civil Appeals conflicts with Ford Motor Co. v. Tunnell, 641 So.2d 1238 (Ala. 1994);McClure v. Moore, 565 So.2d 8 (Ala. 1990); Taylor Coal Co. v. Pearson,380 So.2d 779 (Ala. 1980); Reynolds Brothers Lumber Co. v. W.S. NewellConstruction Co., 284 Ala. 352, 224 So.2d 899 (1969); Foster v. Foster,709 So.2d 1301 (Ala.Civ.App. 1998); and Garrett v. Garrett, 521 So.2d 1337
(Ala.Civ.App. 1988). Each of these cases addresses the finality of an order of a trial court not addressing all of the issues before it. Our resolution of the issue of subject-matter jurisdiction, however, pretermits this issue of the finality of the March 29, 1999 order.
The father contends also that, because an action was pending in Michigan when the mother filed her action in Alabama, the Alabama judge cannot exercise subject-matter jurisdiction over custody, child support, and visitation. He contends further that the Tuscaloosa County Circuit Court does not have personal jurisdiction over him because, he says, he does not have sufficient contacts with the State of Alabama.
Subject-matter jurisdiction cannot be waived, and the lack of subject-matter jurisdiction may be raised at any time by a party or by acourt ex mero motu. Greco v. Thyssen Mining Constr., Inc., 500 So.2d 1143
(Ala.Civ.App. 1986). See also Stamps v. Jefferson County Bd. of Educ.,642 So.2d 941, 945 n. 2 (Ala. 1994). A judgment issued by a trial court without jurisdiction is a nullity. Ex parte Hornsby, 663 So.2d 966 (Ala. 1995), and Moore v. Ashe, 269 Ala. 359, 113 So.2d 678 (1959).
Subject-matter jurisdiction of an interstate custody case is governed by the PKPA, 28 U.S.C. § 1738A, and the UCCJA, §§ 30-3-20 through -44, Ala. Code 1975.[2] See D.B. v. P.B., 692 So.2d 856 (Ala.Civ.App. 1997), and P.A.T. v. D.B., 638 So.2d 905 (Ala.Civ.App. 1994). The federal PKPA controls in cases of conflicts between the PKPA and UCCJA. P.A.T. Section 1738A(d)of the PKPA provides:
 "The jurisdiction of a court of a State which has made a child custody or visitation determination
consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant." (Emphasis added.)
Section 1738A(c) provides:
 "(c) A child custody or visitation determination made by a court of a State is consistent with the provisions of this section only if —
 "(1) such court has jurisdiction under the law of such State. . . ."
Further, § 1738A(g) provides:
 "A court of a State shall not exercise jurisdiction in any proceeding for a custody or visitation determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody or visitation determination." (Emphasis added.)
"Alabama courts are required under [the] PKPA to enforce . . . a sister state's custody order rendered in accordance with the PKPA; an Alabama court has no authority to modify such an order unless the sister state loses jurisdiction or declines to exercise it."Shook v. Shook, 651 So.2d 6, 8 (Ala.Civ.App. 1994).
The purposes of the UCCJA included "[avoiding] jurisdictional competition and conflict with courts of other states in matters of child custody, which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being" and "[deterring] abductions and other unilateral removals of children undertaken to obtain custody awards." §§ 30-3-21(a)(1) and (5), Ala. Code 1975.
The UCCJA, § 30-3-23(a)(1) through (4), Ala. Code 1975, provided Alabama courts four bases for exercising jurisdiction. McBride v.McBride, 688 So.2d 856, 859 (Ala.Civ.App. 1997), summarizes these four bases as follows:
 "(1) `home state' jurisdiction; (2) `best interest' jurisdiction; (3) `emergency' jurisdiction; and (4) a catchall provision allowing a court to exercise jurisdiction if no other state would have `home state,' `best interest,' or `emergency' jurisdiction, or if another state with jurisdiction had declined to exercise its jurisdiction."
However, except under §§ 30-3-23(a)(3) and (a)(4) (the emergency and the catchall provisions), "physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient toconfer jurisdiction on a court of this state to make a child custody determination." § 30-3-23(b) (emphasis added). Moreover, "[a] courtof this state shall not exercise its jurisdiction under this article ifat the time of filing the petition a proceeding concerning the custody ofthe child was pending in a court of another state exercising jurisdictionsubstantially in conformity with this article. . . ." § 30-3-26(a) (emphasis added). See also Webster v. Webster, 723 So.2d 59
(Ala.Civ.App. 1997), and Shook, supra.
Because the father lives in Michigan and the Michigan Court was exercising continuing jurisdiction over the parties and was conducting "a review of parenting time" when the mother filed her modification petition in the Tuscaloosa County Circuit Court, the PKPA and the UCCJA foreclosed the Tuscaloosa County Circuit Court from exercising jurisdiction over the parties and the issues. 28 U.S.C. § 1738A(g) and § 30-3-26(a). Seealso Ray v. Ray, 494 So.2d 634 (Ala.Civ.App. 1986). Accordingly, because the Michigan court has continuing jurisdiction over the issues of custody, child support, and visitation and has exercised its jurisdiction over those issues, the Tuscaloosa County Circuit Court cannot exercise subject-matter jurisdiction over the issues of custody, child support, and visitation. Therefore, the orders of the Tuscaloosa County Circuit Court are void for lack of subject-matter jurisdiction. See Ex parteAmerican Res. Ins. Co., 663 So.2d 932 (Ala. 1995). Because the orders of the Tuscaloosa County Circuit Court are void for lack of subject-matter jurisdiction, we do not reach the issue whether the Tuscaloosa County Circuit Court has in personam jurisdiction over the father.
Accordingly, the Court of Civil Appeals should have treated the father's appeal as a petition for a writ of mandamus. Batey Sanders,Inc., In re D.M., Ex parte Gamble, Fowler, and Ex parte Cleburne CountyBd. of Educ., supra. Therefore, we treat the father's petition for a writ of certiorari as a petition for a writ of mandamus. Southern Energy HomesRetail Corp., Ex parte Messer, Morrison Restaurants, Inc., Henderson, andEx parte Fowler, supra.
The Court of Civil Appeals should have issued a writ directing the Tuscaloosa County Circuit Court to vacate its orders and to dismiss the mother's action for want of subject-matter jurisdiction. Therefore, we issue such a writ. Rule 21(e)(1), Ala.R.App.P.
WRIT ISSUED.
Moore, C.J., and Houston, See, Lyons, Brown, Woodall, and Stuart, JJ., concur.
Harwood, J., recuses himself.
[1] Act No. 99-438, p. 866, § 1, Ala. Acts 1999, effective January 1, 2000, repealed the UCCJA. Act No. 99-438, p. 866, § 1 is codified in § 30-3B-404, Ala. Code 1975, which provides, in pertinent part, "[T]he following sections and all amendments thereto . . . are repealed: the Uniform Child Custody Jurisdiction Act located at Sections 30-3-20
through 30-3-44. No actions may be filed under the repealed provisions after December 31, 1999." Because the mother filed her action before December 31, 1999, the UCCJA applies to the action.
[2] See note 1.