988 So.2d 1050 (2008)
K.R.
v.
D.H.
2061119.
Court of Civil Appeals of Alabama.
January 25, 2008.
*1051 Gary A. Hudgins, Dothan, for appellant.
John C. White of Cobb, Derrick, Boyd & White, Dothan, for appellee.
THOMAS, Judge.
K.R. ("the mother") appeals from the juvenile court's judgment awarding custody of her son, J.T.H. ("the child"), to D.H., the child's paternal grandmother ("the paternal grandmother"). We dismiss the appeal.
The mother and B.R.H. ("the father") had a nine-month relationship that resulted in the birth of the child. The father is deceased. According to her testimony, the mother permitted the paternal grandmother visitation with the child on Tuesday and Thursday evenings and every other weekend. In the summer of 2006, the paternal grandmother and the mother discussed the child's academic progress. The mother characterized the child as a "B-C" student, noting that he was more of an athletically inclined child than an academically inclined one. However, the paternal grandmother suggested that the child might benefit from attending a private religious-based school located close to the paternal grandmother's home because the smaller class sizes at that school might permit the teacher to give him more one-on-one attention. The mother was unable to pay for the private school, so the paternal grandmother offered to assume that expense. The mother agreed to allow the child to attend the private school and to live with the paternal grandmother during the school week so that he would not have a 40-minute commute to and from school each weekday.
After the 2006-2007 school year, however, the mother decided that the arrangement no longer suited her. She desired that the child return to live with her full-time. As the mother explained at trial, the child's academic record had improved only slightly at the private school, and she had some concerns over the impact his living apart from her was having on their relationship. The paternal grandmother disagreed with the mother's decision and filed a petition for custody of the child in the juvenile court, alleging that the mother was unemployed and owned no vehicle, that the residents of the mother's home smoked "incessantly" to the point of necessitating medical treatment for the child, that the mother had agreed to allow the child to attend the private school and live with the paternal grandmother, that the child had "performed very well" at the private school, and that the mother "for no stated reason ... has determined that the child will no longer live with [the paternal grandmother] ... and [will] return to her residence and attend [public school.]"
The juvenile court entered an ex parte order awarding the paternal grandmother temporary custody of the child on June 5, 2007, and it set the case for a 72-hour hearing on June 7, 2007. The mother appeared at that hearing, but she was not represented by counsel. At the close of that hearing, the juvenile court continued temporary custody in the paternal grandmother, ordered the Department of Human Resources ("DHR") to conduct a home study of the mother's home, and ordered that the mother take a drug test. The mother's drug test was positive for amphetamine; however, the mother takes the prescription medication Adderall, which is amphetamine-based. The mother denied taking any illegal drugs, and the paternal grandmother made no allegations that the mother had ever done so. The home study conducted by DHR on the mother's home was favorable.
After securing representation, the mother filed a motion challenging the juvenile *1052 court's subject-matter jurisdiction because, she asserted, the allegations in the paternal grandmother's petition did not rise to dependency allegations and because the child was not otherwise before the court. See Ala.Code 1975, § 12-15-30. At the hearing on the custody petition, the juvenile court addressed the mother's motion by asking the paternal grandmother's attorney whether the paternal grandmother had alleged that the child was dependent, to which the attorney responded "yes." After the trial, at which the evidence demonstrated only that the paternal grandmother desired that the child continue to live with her so he could have access to what she considered to be a better education, the juvenile court found the child dependent, awarded the mother and the paternal grandmother joint legal custody of the child, and awarded the paternal grandmother physical custody of the child.
The mother appeals that judgment, arguing again on appeal that the juvenile court lacked subject-matter jurisdiction because the allegations made by the paternal grandmother did not rise to the level of allegations of dependency. The mother further argues that the evidence at trial did not establish dependency by clear and convincing evidence. After a consideration of the law governing the jurisdiction of the juvenile court, we agree with the mother that the juvenile court lacked subject-matter jurisdiction over this case, and, because a judgment entered without subject-matter jurisdiction is void, Ex parte Punturo, 928 So.2d 1030, 1034 (Ala.2002); G.W. v. Dale County Dep't of Human Res., 939 So.2d 931, 934 (Ala.Civ.App.2006), and because a void judgment will not support an appeal, S.B.U. v. D.G.B., 913 So.2d 452, 456 (Ala. Civ.App.2005), we dismiss the appeal.
We note that an Alabama Unified Judicial System form provided by the juvenile court filed with the paternal grandmother's petition for custody indicates that the child is alleged to be dependent by the marking of a box on the form. We note that the only options on the form to describe the content of the petition are that the child is delinquent, that the child is dependent, or that the child is in need of supervision. This is hardly surprising because the juvenile court is a court of limited jurisdiction, having "exclusive original jurisdiction of proceedings in which a child is alleged to be delinquent, dependent or in need of supervision." § 12-15-30(a). After the section containing the boxes indicating that the child is either delinquent, dependent, or in need of supervision, the form contains the words "in that" and a large blank area for a description of the allegations concerning the child. In that section on the form contained in the record, the words "Please see attached Petition for Custody" appear. Thus, we are not convinced that a check mark on a form provided by the juvenile court is sufficient to rise to the level of an allegation of dependency when the attached petition does not contain allegations that rise to that level.
A juvenile court also has jurisdiction over custody proceedings[1] when the subject child is "otherwise before the court." § 12-15-30(b)(1). Although this case carries an ".01" suffix, the paternal grandmother's petition does not seek a modification of an existing custody judgment rendered by the juvenile court. Thus, the child in the present case was not otherwise before the juvenile court.
Because at its heart the paternal grandmother's petition for custody is based on a *1053 dispute between the mother and the paternal grandmother over which would be the better custodian and which would provide a better education, the juvenile court was wrong to treat the case as a dependency case. The child in the present case was not otherwise before the court, so the juvenile court could not have exercised jurisdiction over the paternal grandmother's petition pursuant to § 12-15-30(b)(1). Thus, the juvenile court lacked subject-matter jurisdiction over the paternal grandmother's petition, and its judgment on that petition is void. See Ex parte Punturo, 928 So.2d at 1034. The mother's appeal is, accordingly, dismissed. See S.B.U. v. D.G.B., 913 So.2d at 456.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
NOTES
[1] We note that if a juvenile court were to properly exercise jurisdiction pursuant to § 12-15-30(b)(1) in a proceeding such as this one involving a custody dispute between a parent and a nonparent, the correct standard is that set out in Ex parte Terry, 494 So.2d 628 (Ala. 1986), which requires that the nonparent seeking custody prove that the parent is unfit.